UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS L. HOLMES, plaintiff, | : <br> : <br> :       PRISONER |
| v. | :     CASE NO. 3:12-cv-1265 (AVC) <br> : |
| PEREZ, et al., defendants. | : <br> : |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Warden Peter Murphy and Correctional Officers Perez and Allen. All defendants are named in their individual capacities only.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds

upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The incidents underlying the complaint occurred while the plaintiff was confined at the MacDougall-Walker Correctional Center. In October and November 2011, the plaintiff submitted seven manila envelopes for mailing and postage. The envelopes were marked as legal mail and sent to Assistant Attorney General Donald Green, Director of Labor Relations Karen Duffy Wallace and Regional Manager of the Connecticut Commission on Human Rights and Opportunities ("CHRO") James M. Flynn. The documents were in response to a November 21, 2011 deadline regarding a CHRO action. Department of Correction Administrative Directive 10.7 defines legal mail to include outgoing privileged correspondence such as the envelopes at issue here and provides that such outgoing mail is not read by correctional staff.

On January 2, 2012, all seven envelopes were returned to the plaintiff. All had been opened and read. The plaintiff immediately notified his counselors and submitted an Inmate Administrative Remedy. Defendant Murphy compromised the administrative remedy by ordering that the plaintiff be compensated for the postage. On February 7, 2012, the plaintiff's CHRO case was dismissed for his failure to meet his burden of proof.

The second circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); see also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) (holding that "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). The plaintiff has been transferred to a different correctional facility. As he seeks declaratory and injunctive relief against the defendants in their individual capacities only, the claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendant Murphy is a supervisory official. To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually

and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

The plaintiff alleges only that Murphy compromised his grievance.  His dissatisfaction with the result does not give rise to a supervisory liability claim.  He also presumes that, if Murphy had disciplined defendants Perez and Allen, the incident could have been avoided.  The plaintiff concludes that similar incidents had occurred before, but alleges no facts to support any knowledge on Murphy's part.  The court concludes that the plaintiff fails to state a cognizable claim against Murphy and, therefore, all claims against him are dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff's allegations against defendants Perez and Allen for delaying and reading his legal papers may assert cognizable claims. See Abascal v. Fleckenstein, No. 06-CV-349S, 2008 WL 3286353, at *7 (W.D.N.Y. Aug. 7, 2008) (acknowledging claim for confiscation, holding and reading legal property without justification). The retaliation claim against defendants Perez and Allen will proceed as well.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims for declaratory and injunctive relief and all claims against defendant Murphy are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. The case will proceed only on the claims for damages against defendants Perez and Allen.

(2) **The Pro Se Prisoner Litigation Office shall** verify the current work address of defendants Perez and Allen with the Office of Legal Affairs and mail a waiver of service of process request packet to them at the confirmed addresses within **fourteen (14) days** of this order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If either defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual

capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims.  He also may include any and all additional defenses permitted by the federal rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days

6

of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 19th day of December 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge